# UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS

| | |
|---|---|
| Lisis Mejia<br><br>Plaintiff,<br><br>V.<br><br>Experian Information Solutions,<br><br>Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. I, Lisis Mejia, am bringing this lawsuit against Experian Information Solutions, Inc. ("Experian") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. Section 1681 et seq. Experian has reported inaccurate and misleading information on my credit report, failed to conduct a reasonable investigation after I disputed the errors, and continued to damage my creditworthiness despite being placed on notice of the inaccuracies.

2. The FCRA requires consumer reporting agencies like Experian to maintain accurate credit information and to genuinely investigate consumer disputes. Experian has violated both of these duties.

3. My Experian credit report, obtained on July 7, 2025, contains the following errors: (a) the Barclays Bank/Old Navy account reports a balance of $491.00 on an account with a credit limit of $300.00 -- a mathematical impossibility that Experian left uncorrected through multiple dispute cycles; (b) the Sharon & Crescent United auto loan contains internally contradictory post-charge-off payment and balance information that misleads any reviewing creditor; (c) my file contains four different versions of my name, three of which are wrong; and (d) Experian rubber-stamped furnisher verifications without conducting genuine reinvestigations, noting only "consumer disagrees" across three separate dispute periods.

**UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS**

4. I seek actual damages, statutory damages, punitive damages, costs, and attorney's fees as authorized by the FCRA, 15 U.S.C. Sections 1681n and 1681o.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1331 and 15 U.S.C. Section 1681p, which authorizes consumers to bring FCRA claims in any appropriate United States district court without regard to the amount in controversy.

6. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b) because I reside in this district, the events giving rise to this action occurred in this district, and Experian regularly transacts business in this district.

## PARTIES

7. I, Lisis Mejia, am an individual residing in Weymouth, Massachusetts. I am a "consumer" as defined by the FCRA, 15 U.S.C. Section 1681a(c).

8. Defendant Experian Information Solutions, Inc. is a corporation with its principal place of business at 475 Anton Blvd., Costa Mesa, California 92626. Experian is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. Section 1681a(f), and compiles and maintains consumer files on a nationwide basis as defined by 15 U.S.C. Section 1681a(p). Experian regularly transacts business throughout the United States, including in the Commonwealth of Massachusetts.

## LEGAL FRAMEWORK

9. The FCRA, 15 U.S.C. Section 1681e(b), requires Experian to "follow reasonable procedures to assure maximum possible accuracy" of all information it reports about consumers. This is an affirmative, independent duty that does not depend on whether a consumer has disputed the information.

10. When a consumer disputes the completeness or accuracy of information in her consumer file, Experian must: (a) conduct a "reasonable reinvestigation" to determine whether the disputed information is inaccurate; (b) provide the furnisher with all relevant information regarding the dispute within five business days; and (c) delete or modify any information found to be inaccurate, incomplete, or unverifiable. 15 U.S.C. Section 1681i(a)(1)(A), (a)(2), (a)(5). The reinvestigation must be completed within 30 days of receiving the dispute.

# UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS

11. A "reasonable reinvestigation" requires more than forwarding a dispute to the furnisher and accepting whatever the furnisher reports back. A consumer reporting agency that merely rubber-stamps the furnisher's response without independent analysis violates the FCRA. Cushman v. Trans Union Corp., 115 F.3d 220, 225 (3d Cir. 1997). Where Experian's own data contains a facially obvious inaccuracy, the failure to identify it is unreasonable as a matter of law regardless of the furnisher's response.

12. Credit information that is technically accurate but nonetheless misleading to a reviewing creditor also violates the FCRA. Pittman v. Experian Info. Sols., Inc., 901 F.3d 619, 639 (6th Cir. 2018); Saunders v. Branch Banking & Trust Co. of Va., 526 F.3d 142, 148 (4th Cir. 2008).

13. Willful FCRA violations -- including those committed with reckless disregard of the statute's requirements -- entitle me to actual damages or statutory damages of $100 to $1,000 per violation, plus punitive damages, costs, and attorney's fees. 15 U.S.C. Section 1681n; Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 57 (2007). Negligent violations entitle me to actual damages, costs, and attorney's fees. 15 U.S.C. Section 1681o.

## FACTUAL ALLEGATIONS

### A. My Experian Credit Report

14. On July 7, 2025, I obtained my consumer disclosure from Experian (Report No. 3588-0483-62) pursuant to 15 U.S.C. Section 1681g. Relevant portions of the Experian Report are attached hereto as Exhibit A.

15. The Experian Report contains multiple inaccuracies, incomplete entries, and misleading items as set forth below.

### B. Error No. 1 -- Barclays Bank/Old Navy: Balance Exceeds Credit Limit

16. The Experian Report lists a Barclays Bank/Old Navy charge card account (Account No. 000512XXXXXXXXX), opened August 3, 2023.

17. The Experian Report states the credit limit on this account is $300.00.

18. The Experian Report simultaneously states the current balance on this account is $491.00, and identifies the "Highest Balance" as $491.00.

19. A reported balance of $491.00 on an account with a stated credit limit of $300.00 is a mathematical impossibility -- the balance exceeds the credit limit by $191.00, representing a utilization rate of 163.7%. This

constitutes a facially obvious inaccuracy that Experian could have identified from its own data without any communication with the furnisher. No reasonable set of procedures to assure maximum possible accuracy would permit this error to remain uncorrected.

20. This inaccuracy is harmful to my creditworthiness. Any lender, landlord, or employer reviewing my Experian report would see a charge card with a balance dramatically exceeding its limit -- exactly the type of derogatory information that lowers credit scores and leads to credit denials and adverse terms.

21. I disputed this account with Experian on multiple occasions. The Experian Report confirms this, reflecting the notation "Completed investigation of FCRA dispute -- consumer disagrees" across three separate dispute periods: (1) July 2024 through January 2025; (2) March 2025 through May 2025; and (3) April 2025 through May 2025.

22. The "consumer disagrees" notation confirms that Experian conducted a reinvestigation and left the inaccurate information unchanged each time. Despite three separate dispute cycles spanning nearly a year, the balance exceeding the credit limit has never been corrected.

23. The Experian Report also reflects the notation "Account closed at credit grantor's request," yet continues to report a live balance of $491.00 without explanation, compounding the inaccuracy and confusion in the entry.

**C.   Error No. 2 -- Sharon & Crescent United Auto Loan: Internally Contradictory Post-Charge-Off Reporting**

24. The Experian Report lists a Sharon & Crescent United auto loan (Account No. 107582XXXXX), opened October 14, 2021, original balance $17,800.00, 72-month term.

25. The report reflects this account was charged off effective March 2025, with the status notation: "Account charged off. $9,961 written off. $7,459 past due as of Jun 2025." The payment history grid shows "CO" (charge off) for each month from March through June 2025.

26. Simultaneously, the Experian Report records a "Recent Payment" of $286.00 as of June 27, 2025 -- after the charge-off became effective -- without any explanation of how this payment was applied.

27. The balance history further records payments of $1,616.00 on May 13, 2025, and $600.00 on April 18, 2025, during months designated as "Charge Off," while the scheduled payment column reflects $0.00 for those same months.

28. The report reflects a current balance of $7,459.00 as of June 30, 2025, without clarifying whether this represents a deficiency balance, a separate reporting obligation, or an error -- leaving any reviewing creditor unable to accurately assess the nature or amount of the obligation.

29. This combination of charge-off status, "$9,961 written off," ongoing payment activity, a live balance, and $0 scheduled payments during payment months is internally contradictory and materially misleading. Even if individual data points are technically accurate, their combined presentation creates a false picture of my payment history and current obligations in violation of 15 U.S.C. Section 1681e(b). Pittman, 901 F.3d at 639.

**D. Error No. 3 -- Four Name Variations in My File**

30. The Experian Report reflects four distinct name variations associated with my consumer file: (1) LISIS MEJIA (Name ID No. 1); (2) LASIS MEJIA (Name ID No. 23225); (3) LISISMEJIA / MEJIA (Name ID No. 28874); and (4) LISI MEJIA (Name ID No. 23301).

31. My correct legal name is Lisis Mejia. Three of the four name variations -- "LASIS MEJIA," "LISISMEJIA," and "LISI MEJIA" -- are incorrect.

32. The accumulation of multiple incorrect name variations in my consumer file reflects a failure to maintain reasonable procedures to assure maximum possible accuracy of identifying information, in violation of 15 U.S.C. Section 1681e(b). These variations also create a risk of file commingling -- that is, information belonging to other consumers may be merged into my file, further damaging the accuracy of my credit report.

**E. Experian's Failure to Conduct Reasonable Reinvestigations**

33. I disputed the inaccurate information in my Experian consumer file, including specifically the Barclays Bank/Old Navy account balance exceeding the credit limit.

34. Upon receipt of my dispute(s), Experian was required to conduct a reasonable reinvestigation. 15 U.S.C. Section 1681i(a)(1)(A). Experian failed to do so.

35. Upon information and belief, Experian's reinvestigation consisted solely of forwarding a dispute code to Barclays/Old Navy through the Automated Consumer Dispute Verification ("ACDV") process and implementing whatever response Barclays provided -- without any independent analysis of its own data.

36. This approach was unreasonable on its face. The mathematical impossibility of a $491.00 balance on a $300.00 credit limit account was evident from Experian's own data, without reference to any furnisher

response. No competent reinvestigation could verify such a balance as accurate without at minimum requiring an explanation from Barclays and reflecting that explanation in the report.

37. Despite three separate dispute cycles spanning approximately twelve months, Experian never corrected this error. Each reinvestigation resulted in the same "consumer disagrees" notation, confirming that Experian repeatedly rubber-stamped the furnisher's verification without identifying or correcting the inaccuracy.

38. This pattern of conduct is consistent with Experian's documented systemic failure to conduct reasonable reinvestigations, as identified in federal enforcement proceedings. See Consumer Fin. Prot. Bureau v. Experian Info. Sols., Inc., No. 8:25-cv-00024 (C.D. Cal. filed Jan. 7, 2025) (alleging Experian's reinvestigation procedures consist of forwarding ACDV codes and uncritically accepting furnisher responses, even when such responses are illogical or internally inconsistent).

39. As a result of Experian's failures, the inaccurate and misleading information described herein continues to appear in my Experian consumer file and is being disseminated to third parties who request my consumer report.

## DAMAGES

40. As a direct and proximate result of Experian's violations of the FCRA, I have suffered and continue to suffer actual damages, including but not limited to:

(a) Damage to my creditworthiness and credit score resulting from the reporting of inaccurate and misleading information, including a balance exceeding the credit limit;

(b) Denial of credit, less favorable credit terms, and/or increased cost of credit resulting from Experian's inaccurate reporting;

(c) Loss of time and resources expended in attempting to dispute and correct the inaccuracies in my consumer file;

(d) Emotional distress, anxiety, frustration, and embarrassment caused by Experian's repeated refusal to correct obvious errors across multiple dispute cycles; and

(e) Such other actual damages as shall be proven at trial.

## CAUSES OF ACTION

### COUNT I

**Willful Violation of the FCRA -- Failure to Maintain Maximum Possible Accuracy**

**15 U.S.C. Section 1681e(b) and Section 1681n**

41. I reallege and incorporate by reference all preceding paragraphs.

42. Experian is required by 15 U.S.C. Section 1681e(b) to follow reasonable procedures to assure maximum possible accuracy of all information it reports about me.

43. Experian willfully violated 15 U.S.C. Section 1681e(b) by: (a) reporting a balance of $491.00 on the Barclays/Old Navy account against a stated credit limit of $300.00 -- a facial mathematical impossibility evident from its own data; (b) reporting internally contradictory and misleading post-charge-off information on the Sharon & Crescent United account; and (c) maintaining three incorrect name variations in my consumer file without remediation.

44. Experian's violations were willful within the meaning of 15 U.S.C. Section 1681n. A balance exceeding the stated credit limit is so facially obvious that Experian's failure to identify and correct it across multiple dispute cycles reflects reckless disregard of the FCRA's requirements. Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 57 (2007).

45. As a result of Experian's willful violations, I am entitled to actual damages or statutory damages of $100 to $1,000 per violation, plus punitive damages, costs, and attorney's fees pursuant to 15 U.S.C. Section 1681n.

### COUNT II

**Negligent Violation of the FCRA -- Failure to Maintain Maximum Possible Accuracy**

**15 U.S.C. Section 1681e(b) and Section 1681o**

46. I reallege and incorporate by reference all preceding paragraphs.

47. In the alternative, Experian negligently violated 15 U.S.C. Section 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information in my consumer report as alleged herein.

48. As a result of Experian's negligent violations, I am entitled to actual damages, costs, and attorney's fees pursuant to 15 U.S.C. Section 1681o.

### COUNT III

### Willful Violation of the FCRA -- Failure to Conduct Reasonable Reinvestigation

### 15 U.S.C. Section 1681i(a)(1)(A) and Section 1681n

49. I reallege and incorporate by reference all preceding paragraphs.

50. I disputed the completeness and accuracy of information in my Experian consumer file, including specifically the Barclays Bank/Old Navy account.

51. Upon receipt of my dispute(s), Experian was required to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate. 15 U.S.C. Section 1681i(a)(1)(A).

52. Experian willfully failed to conduct a reasonable reinvestigation by: (a) uncritically relying upon furnisher ACDV responses despite the facial mathematical impossibility evident in its own data; and (b) failing to correct or delete information that was inaccurate, incomplete, or unverifiable despite multiple dispute cycles spanning approximately twelve months.

53. No reasonable reinvestigation could have concluded that a balance of $491.00 on a $300.00 credit limit account was accurate without requiring a furnisher explanation. Experian's failure to identify this across three separate reinvestigations constitutes reckless disregard of its statutory obligations. Safeco, 551 U.S. at 57.

54. As a result of Experian's willful violations, I am entitled to actual damages or statutory damages of $100 to $1,000 per violation, plus punitive damages, costs, and attorney's fees pursuant to 15 U.S.C. Section 1681n.

### COUNT IV

### Negligent Violation of the FCRA -- Failure to Conduct Reasonable Reinvestigation

### 15 U.S.C. Section 1681i(a)(1)(A) and Section 1681o

55. I reallege and incorporate by reference all preceding paragraphs.

56. In the alternative, Experian negligently failed to conduct a reasonable reinvestigation of my dispute(s) in violation of 15 U.S.C. Section 1681i(a)(1)(A).

57. As a result of Experian's negligent violations, I am entitled to actual damages, costs, and attorney's fees pursuant to 15 U.S.C. Section 1681o.

UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS

## PRAYER FOR RELIEF

WHEREFORE, I respectfully request that this Court:

(a) Enter judgment in my favor and against Experian on all Counts;

(b) Award me actual damages in an amount to be proven at trial;

(c) Award me statutory damages pursuant to 15 U.S.C. Section 1681n(a)(1)(A) of not less than $100 and not more than $1,000 per willful violation;

(d) Award me punitive damages pursuant to 15 U.S.C. Section 1681n(a)(2) in an amount sufficient to deter Experian from engaging in similar conduct;

(e) Award me costs of suit and reasonable attorney's fees pursuant to 15 U.S.C. Sections 1681n(a)(3) and 1681o(a)(2);

(f) Order Experian to permanently correct all inaccuracies in my consumer report as identified in this Complaint; and

(g) Grant such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), I demand a trial by jury on all issues so triable.

Respectfully submitted,

Date: 3-4-26

_____
**Lisis Mejia**

Plaintiff, Pro Se

580 Bridge St., Apt. 17B

Weymouth, MA 02191